IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALISHA BERMADEZ<br>4304 Miller Road, Apt 101<br>Wilmington, Delaware, 19802<br><br>   Plaintiff,<br><br>  v.<br><br>BARCLAY CARD US<br>700 Pride's Crossing<br>Wilmington, Delaware, 19713<br><br>   Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

**CIVIL ACTION COMPLAINT**

Plaintiff Alisha Bermadez ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Barclay Card US ("Defendant").

**INTRODUCTION**

1. Plaintiff has initiated this action to Defendant's redress violations of the Americans with Disabilities Act ("ADA") and the Delaware Persons with Disabilities Employment Protections Act ("PDEPA"). Defendant discriminated against Plaintiff due to her disability, failed to grant her requests for accommodation, and/or retaliated against her because of her requests, causing Plaintiff to suffer damages as set forth herein.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 *U.S.C.* § 1331 because the claims herein arise under laws of the United States, the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 *U.S.C.* §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative prerequisites to her filing of her instant ADA and DPDEPA claims.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. At all times relevant herein, Plaintiff worked for Defendant at its facility located at the address set forth in the caption.

10. Defendant is a business entity that does business in Delaware at the above captioned address.

11. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. In or about March 2015, Defendant hired Plaintiff as a temporary fraud analyst.

14. In or around early June 2015, Defendant offered Plaintiff a permanent position as a fraud analyst.

15. In or around September 2015, Plaintiff was diagnosed with endometriosis, high blood pressure, and diabetes (hereinafter collectively referred to as Plaintiff's "Disability").

16. Plaintiff's physician informed her that she would require surgery due to her Disability.

17. Plaintiff immediately informed Supervisor Jennifer Cherundolo ("Supervisor Cherundolo") of her Disability and need for surgery.

18. Thereafter, Plaintiff occasionally missed work and/or arrived late and/or left work early to seek treatment with her physicians.

19. In or around late September and/or early October 2015, Supervisor Cherundolo told Plaintiff that even paid sick time required a doctor's note to avoid negatively impacting an employee's attendance record.

20. Plaintiff then provided Supervisor Cherundolo notes from her physician to excuse her aforementioned absences.

21. Upon receiving Plaintiff's doctors' notes, Supervisor Cherundolo told Plaintiff she 'wasn't sure what to do with it,' but that she would forward same to Defendant's Human Resources Department.

22. In or around early November 2015, Supervisor Cherundolo met with Plaintiff to discuss Plaintiff's absences.

23. Plaintiff again explained to Supervisor Cherundolo that her absences were related to her Disability and/or the treatment of same and that, she at Supervisor Cherundolo's request, had provided doctor's notes to excuse the absences.

24. Supervisor Cherundolo then told Plaintiff that she had discretion to decide whether her doctor's notes excused her absences and that Plaintiff's excess of absences required Plaintiff to contact Defendant's Employee Benefit and/or Human Resources departments.

25. Accordingly, Plaintiff contacted both the Human Resources Department and Employee Benefit Departments and obtained an application for short-term disability benefits.

26. Less than two weeks later, on or around November 12, 2015, Supervisor Cherundolo escorted Plaintiff to the Human Resources Department.

27. Upon Plaintiff's arrival with Supervisor Cherundolo, Defendant's Human Resource Manager (name unknown) told Plaintiff she was fired for taking too many absences.

28. Further, Human Resource Manager told Plaintiff that her termination was based solely on her absences and not her performance.

29. Plaintiff explained that she had provided doctor's notes to substantiate her absences and that she would be willing to get more information from her physicians to substantiate them, if necessary.

30. However, Defendant refused to listen and insisted Plaintiff was fired.

31. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
## Violation of the ADA
## (Disability Discrimination)

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. At all times relevant, Plaintiff's Disability rendered her an individual with a disability under the ADA.

34. At all times relevant herein, Defendant perceived Plaintiff to be suffering from disability and/or disabilities.

35. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the ADA.

36. At all times relevant herein, Defendant employed Plaintiff as an "employee" within the meaning of the ADA.

37. The ADA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

38. Discrimination against an employee because of her disability constitutes disability discrimination under the ADA.

39. Defendant violated Plaintiff's rights under the ADA by firing Plaintiff because she suffered from her disability.

40. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of the ADA
### (Failure to Accommodate)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Plaintiff asked Defendant for an accommodation for her disability in the form of time off to seek treatment with her physicians.

43. Defendant failed to grant Plaintiff's request and instead fired her.

44. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violation of the ADA
### (Retaliation)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Plaintiff asked Defendant for an accommodation for her disability in the form of time off to seek treatment with her physicians.

47. Defendant fired Plaintiff, in-part, in retaliation for requesting an accommodation and/or to prevent her from requesting future accommodations.

48. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the DPDEPA
## (Disability Discrimination)

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant, Plaintiff's disabilities rendered her an individual with a disability under the DPDEPA.

51. At all times relevant herein, Defendant perceived Plaintiff to be suffering from a disability and/or disabilities.

52. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the DPDEPA.

53. At all times relevant herein, Defendant employed Plaintiff as an "employee" within the meaning of the DPDEPA.

54. The DPDEPA prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

55. Discrimination against an employee because of her disability constitutes disability discrimination under the DPDEPA.

56. Defendant violated Plaintiff's rights under the DPDEPA by firing Plaintiff because she suffered from her disability.

57. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
### Violation of the DPDEPA
(**Failure to Accommodate**)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. Plaintiff asked Defendant for an accommodation for her disability in the form of time off to seek treatment with her physicians.

60. Defendant failed to grant Plaintiff's request and instead fired her.

61. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VII
### Violation of the DPDEPA
(**Retaliation**)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Plaintiff informed Defendant of her disabilities and asked for an accommodation for her disability in the form of time off to seek treatment with her physicians.

64. Defendant fired Plaintiff, in-part, in retaliation for requesting an accommodation and/or to prevent her from requesting future accommodations.

65. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, and/or need for an accommodation;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F. Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**LAW OFFICE OF A. DALE BOWERS, P.A.**

/s/ A. Dale Bowers
A. Dale Bowers, Esquire, ID 3932
Michael B. Galbraith, ID 4860
203 North Maryland Avenue
Wilmington, Delaware 19804
302-691-3786
302-691-3790 (FAX)
dale@bowerslegal.com

DATED: December 20, 2017

**SWARTZ SWIDLER, LLC**

Matthew D. Miller Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
1101 North Kings Highway, Suite 402

8

Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 - Facsimile